IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
DISCIPLINE OF ARNOLD YALE STEINBERG
ATTORNEY PA I.D. NO. 26495
A MEMBER OF THE BAR OF THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

MISC. NO. 09-01

**ELECTRONICALLY FILED**

## Recommendation of Disbarment to Board of Judges

**I.    Introduction**

This is a miscellaneous action on the issue of whether this Court should impose reciprocal discipline or disbarment on consent or resignation of Arnold Yale Steinberg ("Steinberg"), based upon his consent to disbarment before the Pennsylvania Supreme Court. After careful consideration, the undersigned recommends the disbarment of Steinberg pursuant to Local Rule 83.3.3(D) and/or Local Rule 83.3.4(A).[1]

**II.   Background**

An investigation by the Disciplinary Board of the Supreme Court of Pennsylvania that culminated in the filing of a Petition for Discipline on December 13, 2007, revealed the alleged mishandling of or misappropriation of funds of several clients over a substantial period of time by Steinberg. Upon the advice of Steinberg's (former) able counsel, Craig E. Simpson, Steinberg issued his resignation on consent from the Bar of Pennsylvania on April 18, 2008. Pursuant thereto, Steinberg filed his counseled resignation statement under Rule 215 of the Pennsylvania

---

[1] Prior to this member of the Court's assignment to this case, the procedure set forth in L.R. 83.3.3 was initiated with an Order to Show Cause why reciprocal discipline in the form of disbarment should not occur. However, this Court finds that L.R. 83.3.4 is also applicable to this case because L.R. 83.3.4 governs the procedure for automatic disbarment based upon the consent of the attorney. Under either standard, the undersigned recommends disbarment of Steinberg.

Rules of Disciplinary Enforcement. The resignation statement specifically averred that Steinberg was "fully aware the execution of this Resignation Statement is irrevocable and that once the Supreme Court of Pennsylvania issues an Order disbarring him on consent, he can only apply for reinstatement to the practice of law pursuant to the provisions of Rule 218(b), Pa. R.D.E."

On November 15, 2008, Steinberg filed a *pro se* Motion to Withdraw his Statement of Resignation with the Supreme Court of Pennsylvania. In support thereof, Steinberg alleged *inter alia* that because he was recovering from open heart surgery and was physically and mentally exhausted in the aftermath of this procedure, he should be permitted to withdraw his resignation, and/or that a special master be appointed to determine whether a less severe sanction might be warranted, including whether he might be permitted to practice law in the capacity of public service (legal aid, or public defender).

On November 26, 2008, the Office of Disciplinary Counsel filed an Answer to Steinberg's Motion to Withdraw his Statement of Resignation and argued that Steinberg tendered his resignation freely and voluntarily and that he was not subject to coercion or duress. Steinberg filed a Reply to the Answer and stated, among other things, that he did not have the stamina or cognitive abilities to fight the disciplinary charges that were pending against him at the time of his resignation and that his resignation was tendered under duress.

On December 30, 2008, the Supreme Court of Pennsylvania entered a Per Curiam Order accepting Steinberg's resignation, and on January 21, 2009, the Supreme Court of Pennsylvania further entered a Per Curiam Order denying Steinberg's Motion for Reconsideration. (See 09-cv-00086, doc. nos. 1-3 and 1-4).[2]

---

[2] Steinberg has referenced, and this Court takes judicial notice of the filings in 09-cv-00086, which is a tangentially related proceeding filed before the Honorable Nora Barry Fischer. In the proceedings before Judge Barry Fischer, Steinberg has filed a motion for temporary

On January 9, 2009, Chief Judge Donetta Ambrose issued an order to show cause why an identical order of "disbarred on consent" should not be entered by this Court. (Doc. No. 1). Steinberg has since filed his response to the Rule to Show Cause and exhibit thereto. (Doc. Nos. 2 and 4).

The Honorable Maurice Cohill, Jr. requested and received documents from Disciplinary Counsel of the Supreme Court of Pennsylvania, Mark Weitzman, which were previously filed during the disciplinary proceedings before the Supreme Court of Pennsylvania.[3]

Thereafter, this matter was assigned to a member of this Court, pursuant to Local Rule 83.3.3(D).[4]

## III. Discussion

As discussed in footnote number one hereinabove, it would appear that Local Rule 83.3.4, entitled "Disbarment on Consent or Resignation," is applicable. Local Rule 83.3.4 states as follows:

> A. **Automatic Cessation of Right to Practice**. Any attorney admitted to practice before this court who shall be disbarred on consent or resign from the bar of any other court of the United States or the District of Columbia, or from the bar of any state, territory, commonwealth or possession of the United States, while an investigation is pending, shall, upon the filing with this court

---

restraining order against the Supreme Court of Pennsylvania (which was denied) as well as a motion for preliminary injunction and a motion for writ of mandamus and numerous other filings, which are currently pending. Steinberg essentially argues that the procedures for disbarment on consent and the Supreme Court of Pennsylvania's procedures for summarily denying subsequent motions to withdraw his resignation are unconstitutional.

[3]So that the record is complete, these documents (with a cover letter to Judge Cohill dated April 2, 2009) will be scanned and filed on ECF contemporaneously, as well the responsive letter and documents filed by Steinberg (with a cover letter to Judge Cohill dated April 3, 2009).

[4]The undersigned has chosen to "hear argument" as set forth in L.R. 83.3.3(D), in the form of the written submissions by the parties and makes this recommendation exclusively on the basis of the written record presented to this Court.

of a certified or exemplified copy of the judgment or order accepting such disbarment on consent or resignation, cease to be permitted to practice before this court and be stricken from the roll of attorneys admitted to practice before this court.

Since Steinberg was disbarred on consent and filed a resignation statement with the Supreme Court of Pennsylvania, Local Rule 83.3.4 would appear to govern this matter and therefore, Steinberg would be *automatically* disbarred before this Court.

Nonetheless, because the proceedings to date have complied with the procedure for reciprocal discipline as set forth in Local Rule 83.3.3, an analysis of Local Rule 83.3.3(D) and (E) is warranted.

Local Rule 83.3.3(D) specifically states that this Court shall impose identical discipline unless the attorney demonstrates or this court finds that upon the face of the record upon which the discipline in another jurisdiction is predicated, it "clearly" appears that:

> 1. The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> 2. There was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duty, accept as final the conclusion on that subject; or
> 3. The imposition of the same discipline by this court would result in grave injustice; or
> 4. The misconduct established is deemed by this court to warrant substantially different discipline.

Absent one of these conditions, Local Rule 83.3.3(E) states that the final adjudication of misconduct in the other jurisdiction is conclusive.

This member of the Court recognizes that "even in a reciprocal disciplinary proceeding . . . a federal court has the power to determine who may be admitted to the bar." *In re Rodriguez*, 2008 WL 5273515 *7 (3d Cir. 2008) (unpublished) (citing *In re Surrick*, 338 F.3d 224, 230-31 (3d Cir. 2003)). However, the undersigned finds that Steinberg has not "clearly" shown upon the

face of the record that the procedure for his disbarment on consent constituted a deprivation of due process, that there was infirmity of proof establishing the misconduct which he admitted, that the imposition of the same discipline by this court would result in grave injustice, or that the misconduct warrants substantially different discipline.

Steinberg essentially asks this Court to act as a court of appeals for the Supreme Court of Pennsylvania. He seeks to relitigate his failed arguments that he was acting under extreme duress and that his consent to disbarment was thus not voluntary. While the undersigned finds it regrettable that Steinberg is not satisfied with his decision to tender his resignation from the practice of law, the record before this Court demonstrates that Steinberg's consent to disbarment was voluntary, and that he has not "clearly" shown that he was not provided an opportunity to be heard.[5] Similarly, the Court does not find that his imposition of the same discipline by this Court would result in grave injustice.

IV.   **Conclusion**

For the reasons set forth hereinabove, this member of the Court recommends that the United States District Court for the Western District of Pennsylvania (1) automatically disbar Arnold Yale Steinberg based upon his consent to disbarment in the Supreme Court of Pennsylvania, pursuant to Local Rule 83.3.4, and/or (2) impose reciprocal discipline on Arnold Yale Steinberg, pursuant to Local Rule 83.3.3, because he has not "clearly" demonstrated he was deprived of due process; that there was infirmity of proof of his misconduct (which he admitted); that imposition of the same discipline by this court would result in grave injustice; or, that the

---

[5]The undersigned makes this recommendation without prejudice to any findings made in the proceedings before Judge Barry Fischer, which is governed by a different standard of proof.

admitted misconduct warrants substantially different discipline.

                                                  s/Arthur J. Schwab
                                                  Arthur J. Schwab
                                                  United States District Judge

Dated: May 12, 2009
cc:     All Registered ECF Counsel and Parties