IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
DISCIPLINE OF ARNOLD YALE STEINBERG
ATTORNEY PA I.D. NO. 26495
A MEMBER OF THE BAR OF THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

MISC. NO. 09-01
**ELECTRONICALLY FILED**

## Order of Court

On May 12, 2009, this Court entered a Recommendation to the Board of Judges and an Order disbarring Petitioner Steinberg from the practice of law in the United States District Court for the Western District of Pennsylvania. (Doc. Nos. 5 and 6). On that same date, Petitioner filed a motion for Reconsideration of this Court's Order disbarring him. (Doc. No. 7).

In support thereof, Petitioner reiterates the same arguments as set forth and addressed in his prior response to the Rule to Show Cause. (Doc. Nos. 2 and 4). Petitioner argues that an action against the Supreme Court of Pennsylvania alleging unconstitutional practices regarding his disbarment in state court remains pending before another member of this Court, and that this Court should "deter" any disbarment until that action is resolved. Petitioner further argues that his disbarment will render a substantial hardship on one of Petitioner's clients, who is now required to find new legal counsel.

As this Court recently stated in *Massie v. U.S. Dept. Of Housing and Urban Development*, 2008 WL 4890174 *1 (W.D. Pa. October 31, 2008):

> The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985); *see also, Drake v. Steamfitters Local Union No. 420*, 1998 U.S. Dist. LEXIS 13791, No. CIV.A97-CV-585, 1998 WL 564886, at *3 (E.D.Pa. Sept.3, 1998). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a

clear error of law or to prevent manifest injustice. *See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion. *See Vaidya v. Xerox Corp., 1997 U.S. Dist. LEXIS 18548*, No. CIV.A.97-547, 1997 WL 732464, at *2 (E.D.Pa. Nov.25, 1997). A motion for reconsideration should not ask the court to rethink a decision that it has already made. *Tobin v. GE*, No. Civ. A. 95-4003, 1998 WL 31875, at *2, 1998 U.S. Dist. LEXIS 693, at *4 (E.D.Pa. Jan.27, 1998).

In his motion for reconsideration, Petitioner has not presented any new issue of fact or of law or any new evidence that this Court has not previously considered and addressed. Instead, Petitioner tends to repeat matters which were already presented to this Court in his prior response to the Rule to Show Cause.

With regard to Petitioner's argument that this Court should stay the decision to disbar him until after the conclusion of his civil lawsuit against the Supreme Court of Pennsylvania, the Court notes that it was aware of, and had mentioned in a footnote in the Recommendation, the pendency of this litigation (doc. no. 5, fn. 2). Should Petitioner succeed in his constitutional challenges, this Court may reconsider the disbarment based upon an intervening change in fact or law.[1]

Finally, as for Petitioner's contention that his client would suffer a substantial hardship in being required to find new counsel, the Court notes that in disbarring Petitioner, the Court recognized that any litigant who had retained Petitioner, would be required to secure new counsel. This fact, while regrettable, is unavoidable.

---

[1] The Court also notes that the member of this Court before which Petitioner's lawsuit is pending abstained from signing the Order of Disbarment.

Accordingly, for the reasons set forth hereinabove, Petitioner's motion for reconsideration (doc. no. 7) is DENIED.

SO ORDERED this 2nd day of June, 2009, on behalf of the Board of Judges.

s/Donetta W. Ambrose
Donetta W. Ambrose, Chief Judge